IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY HOSHAK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  06-176 |
| | ) | |
| v. | ) | Judge David S. Cercone |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SYSCO FOOD SERVICES OF | ) | |
| PITTSBURGH, LLC, | ) | Doc. No. 5 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. No. 5) be denied.

**II. REPORT**

This case involves a discrimination claim on the basis of disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  Plaintiff, Jay Hoshak, has brought suit against his current employer and Defendant, Sysco Food Services of Pittsburgh, LLC ("Sysco"), alleging discrimination in the form of disparate treatment based on disability.  Plaintiff further alleges Sysco violated Pennsylvania common law by retaliating against him for exercising his rights under the Pennsylvania Workers' Compensation Act.  This Court has original subject matter jurisdiction over Plaintiff's ADA claim pursuant to 42 U.S.C. § 12111 and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) since Defendant resides in this District and the alleged discriminatory acts occurred in this District.

Sysco has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Sysco argues that as to the ADA claim, Hoshak has failed make out a *prima facie* case of disability discrimination in that he has failed to allege sufficient facts to establish that he is a disabled person within the meaning of the ADA. In the alternative, Sysco argues that assuming Hoshak is disabled under the ADA, he has failed to plead any facts tending to show that he was discriminatorily treated on the basis of his alleged disability. As to the Pennsylvania common law claim of retaliation for exercising his rights under the Workers' Compensation Act, Sysco argues Hoshak has failed to allege sufficient facts to establish a *prima facie* case of retaliation in his Complaint as to the causal connection between his July 2001 workers' compensation claim and the September 2005 adverse employment action. On the other hand, Hoshak submits in response that under the notice pleadings standards of the Federal Rules of Civil Procedure, he has alleged sufficient facts on each element of a *prima facie* claim of disability discrimination and retaliation for filing a workers' compensation claim to withstand a motion to dismiss.

Because it appears that Plaintiff has sufficiently pled a cause of action for discrimination based on a disability under the ADA, as well as a Pennsylvania common law claim of retaliation for filing a workers' compensation claim, the Court recommends that Defendant's motion to dismiss be denied.

A.   **Standard of Review - Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable inferences that can be drawn therefrom, and

to view them in the light most favorable to the plaintiff.[1] *See Blaw Knox Ret. Income Plan v. White Consol. Indus. Inc.*, 998 F.2d 1185, 1188 (3d Cir. 1993); *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871 (3d Cir. 1992). The issue is not whether the plaintiff will ultimately prevail, but rather whether "plaintiff can prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief." *See Gaines v. Krawczyk,* 354 F.Supp. 2d 573, 576 (W.D.Pa. 2004) (citing *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Port Auth. of New York and New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999) (quoting *Alexander v. Whitman*, 114 F.3d 1392, 1397 (3d Cir. 1997)); *see also Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir. 2000). Thus, under this standard, a complaint will withstand a motion to dismiss if it gives the defendant adequate notice of the essential elements of a cause of action. *Gaines,* 354 F.Supp. 2d at 576 (citing *Nami v. Fauver,* 82 F.3d 63, 66 (3d Cir. 1996)).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents.

---

[1]. Nonetheless, a court is not required to credit bald assertions or legal conclusions in a complaint when deciding a motion to dismiss. *Gaines v. Krawczyk,* 354 F.Supp. 2d 573, 576 (W.D.Pa. 2004) (citing *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)). Consistently, the courts have rejected "'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law' or 'sweeping legal conclusions cast in the form of factual allegations'"[,] in deciding a motion to dismiss pursuant to Rule 12(b)(6). *Id.* (citing *Morse,* 132 F.3d at 906 n. 8 (citing Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1357 (2d ed. 1997)); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)).

*Id*. (citations omitted). A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### B. Statement of Relevant Facts and Procedural History

Because this action comes before the Court on a motion to dismiss, the Court must accept as true all of Hoshak's allegations of fact and must view the facts in the light most favorable to him. Since 1997, Hoshak has been employed by Sysco, which is in the business of the retail sale and transportation of food. (Compl. ¶¶ 2, 10.) On or about July 9, 2001, Hoshak sustained a work-related injury to his back and filed a workers' compensation claim relating to this injury. (Compl. ¶¶ 7, 26.) According to Hoshak, after he filed this workers' compensation claim, members of Sysco's managment began to unjustly criticize his work performance. (Compl. ¶ 27.)

Hoshak contends that as a result of the work-related injury, he suffers from a physical impairment to his back that substantially limits him in the major life activities of daily manual tasks and sleeping. (Compl. ¶ 8.) Hoshak further contends that Sysco regarded him as having a disability based upon the back injury. (Compl. ¶ 9.) At all relevant times, Hoshak alleges he was qualified for the position of warehouse laborer and could perform all of the essential duties of this position without accommodation. (Compl. ¶ 11.)

In early August of 2005, Hoshak began requesting a one day leave of absence to testify at his daughter's hearing scheduled for August 25, 2005. (Compl. ¶ 12.) Despite providing a subpoena for his attendance at the hearing, Hoshak's immediate supervisors and Sysco's president, Joel TePastte, refused to specifically deny or approve his request. (Compl. ¶ 13.) On August 23, 2005, Hoshak presented his request to Tom Fettig of the corporate offices, who subsequently approved his

request. (Compl. ¶ 14.) On August 25, 2005, Sysco notified the union that Hoshak would be issued a written warning for leaving his assigned work area on August 23, 2005, for the purpose of contacting Mr. Fettig to request approval for the leave of absence. (Compl. ¶ 15.) Subsequently, at a meeting on August 29, 2005, Hoshak asked Mr. TePastte why his request for leave had not been approved after he submitted a subpoena. (Compl. ¶ 16.)

On September 1, 2005, Sysco informed Hoshak that he was being suspended without pay for five days and would be required to attend counseling through the Employee Assistance Program (EAP) for being disrespectful and discourteous; Hoshak specifically denies being discourteous or disrespectful to any of his supervisors or Mr. TePastte at any time and contends he has been falsely accused. (Compl. ¶¶ 17-18.) On September 12, 2005, Hoshak was told that he could not attend EAP counseling during work hours. (Compl. ¶ 20.) According to Hoshak, other employees who did not have disabilities were treated more favorably than he in that they were disrespectful and discourteous to supervisors and the company president and were not suspended or assigned to EAP, and were permitted to attend EAP during work hours. (Compl. ¶¶ 19, 21.)

Hoshak filed a timely charge of discrimination with the Equal Employment Opportunity Commission (which was cross-filed with the Pennsylvania Human Relations Commission). The EEOC issued a final determination letter on November 23, 2005 finding that based on its investigation, it was unable to conclude that the information obtained established a violation of the ADA. (Ex. 1 to Pl.'s Compl.) Hoshak then instituted the instant litigation on February 10, 2006 raising two claims: Count I - Disparate Treatment under Title I of the ADA; and Count II - Retaliation for Filing a Workers' Compensation Claim. In response, Sysco has filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted under

5

Fed.R.Civ.P. 12(b)(6). The motion to dismiss has been fully briefed by both sides and is now ripe for disposition.

    C.    <u>Analysis</u>

        1.    **Plaintiff's ADA Claim**

In its motion to dismiss, Sysco requests dismissal of Hoshak's ADA claim on the basis that Hoshak has failed to sufficiently plead a disability under the ADA. In particular, Sysco argues that Hoshak has failed to set forth allegations that satisfy the substantial impairment requirement for establishing a disability under the ADA. In this regard, Sysco submits that the complaint fails to allege that Hosahk is significantly restricted in his sleeping in that the complaint is devoid of any averments as to the nature, duration, severity or impact of the alleged sleep problem. Sysco further submits that the complaint fails to set forth any factual basis for the statement in paragraph 9 that Sysco regarded Hoshak as having a disability based upon the back injury. Thus, having failed to establish a disability under the ADA, Sysco maintains that Hoshak has failed to allege a *prima facie* case of disability discrimination.

A claim for discrimination based on disability under the ADA is analyzed under the legal framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973), which employs the familiar burden shifting analysis. *See Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156-58 (3d Cir. 1995). Initially, the plaintiff has the burden of establishing a *prima facie* case of discrimination under the ADA. *Id.* at 157 n. 3 (citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981) (quoting *McDonnell Douglas,* 411 U.S. at 802)). To prove a *prima facie* case of disability discrimination under the ADA, Plaintiff must show he: "(1) has a 'disability' (2) is a

'qualified individual' and (3) has suffered an adverse employment action because of that disability."[2] *Deane v. Pocono Medical Ctr.,* 142 F.3d 138, 142 (3d Cir.1998) (citing *Gaul v. Lucent Techs. Inc.,* 134 F.3d 576, 580 (3d Cir. 1998)). Under the ADA, a "disability" is defined as: "'(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Toyota Motor Mfg., Ky. Inc. v. Williams,* 534 U.S. 184, 193 (2002) ("*Toyota*") (quoting 42 U.S.C. § 12102(2)); *see also* 29 C.F.R. § 1630.2(g). With regard to part A of the definition of disability, the parties do not appear to be disputing that Hoshak's back injury constitutes a physical impairment. However, the parties do disagree as to whether the complaint sufficiently alleges that Hoshak's physical impairment substantially limits one of more of his major life activities.

"'Major life activities' . . . refers to those activities that are of central importance to daily life . . . and includes such basic activities as walking, seeing, and hearing." *Toyota*, 534 U.S. at 197. In addition, regulations under the Rehabilitation Act of 1973[3] held to be applicable in the ADA context provide the following non-exhaustive list of major life activities: "'caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Fiscus v. Wal-*

---

2. If the plaintiff successfully establishes his *prima facie* case, the burden of production then shifts to the employer to "'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Newman,* 60 F.3d at 157 n. 3 (citing *Burdine,* 450 U.S. at 252-53 (quoting *McDonnell Douglas,* 411 U.S. at 802)). Once the employer carries its burden, then the burden shifts back to plaintiff to prove by a preponderance of the evidence that the legitimate reasons proffered by the employer were not the true reasons, but were merely a pretext for discrimination. *Id.* To survive a motion to dismiss, Plaintiff must allege sufficient allegations to establish a *prima facie* case of discrimination based on disability. Therefore, at this juncture, the Court need not reach the second and third steps of the *McDonnell Douglas* burden shifting analysis.

3. 29 U.S.C. § 790 *et seq.*

*Mart Stores, Inc.,* 385 F.3d 378, 382-83 (3d Cir. 2004) (citing 45 C.F.R. § 84.3(j)(2)(ii); 28 C.F.R. § 41.31(b)(2) (1997)). Also, relevant to this case, numerous courts have found sleeping to be a major life activity. *Parker v. City of Williamsport,* 406 F.Supp. 2d 534, 544 n.10 (M.D.Pa. 2005) (citing decisions from the courts of appeals for the Second, Fourth, Sixth, Ninth, and Tenth Circuits, as well as from other district courts within the Third Circuit).

Under the EEOC regulations, "substantially limited" is defined as "'[u]nable to perform a major life activity that the average person in the general population can perform'; or '[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity.'" *Toyota,* 534 U.S. at 195-96 (quoting 29 C.F.R. § 1630.2(j) (2001)). Thus, in determining whether a person is substantially limited in a major life activity, the EEOC regulations instruct that the adjudicator should take into consideration the following factors: "'[t]he nature and severity of the impairment; [t]he duration or expected duration of the impairment; and [t]he permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment.'" *Id.* at 196 (quoting 29 C.F.R. §§ 1630.2(j)(2)(i) - (iii)).

In the case at bar, the complaint alleges that Hoshak suffers from a physical impairment in the form of a back injury sustained during the course of his employment on or about July 9, 2001. The complaint further alleges that this impairment substantially limits him in the major life activities of performing daily manual tasks and sleeping. The Court finds that given the liberal notice pleading standard of the Federal Rules of Civil Procedure, these allegations are sufficient to show that Hoshak has a disability under the ADA for purposes of a motion to dismiss. *Fiscus,* 385 F.3d at 385 (citing

*Menkowitz v. Pottstown Mem. Med. Ctr.,* 154 F.3d 113, 124-25 (3d Cir. 1998)) (court held allegation that plaintiff suffered from physical impairment which substantially limited the major life activity of caring for one's self was sufficient under notice pleading requirement with respect to establishing a disability under ADA).[4] Obviously, at the summary judgment stage, Hoshak will be required to adduce evidence to support his allegations that his physical impairment substantially limits him in the major life activities of performing daily manual tasks and sleeping to raise a triable issue of fact for the jury.

Moreover, Plaintiff has sufficiently pled a disability under the ADA on the alternative basis that it is sufficient to allege in the complaint that the plaintiff is regarded as having a disability to withstand a motion to dismiss. *Dean,* 309 F.Supp. 2d at 595. Since Hoshak has alleged in the complaint that Sysco regarded him as disabled, he has sufficiently pled a disability under the ADA at this juncture.

Alternatively in its motion to dismiss, Sysco argues that in the event the Court decides that Hoshak has alleged sufficient facts to establish a disability under the ADA, Hoshak has stilled failed to state a claim in that he has failed to plead any facts tending to show discriminatory treatment on the basis of his alleged disability.[5] A close examination of the allegations in the complaint refutes

---

4. Sysco does not discuss the major life activity of performing daily manual tasks, but rather, focuses solely on the act of sleeping. In addition, all of the cases cited by Sysco (with the exception of *Dean v. Westchester Co. P.R.C.,* 309 F.Supp. 2d 587, 595 (S.D.N.Y. 2004)*,* and *McQuaid v. Acts Retirement Communities - Southampton Estates,* Civ. A. No. 04-3620, 2005 U.S. Dist. LEXIS 18565 (E.D. Pa. Aug. 8, 2005)), looked at the sufficiency of plaintiff's evidence of a substantial limitation of the major life activity of sleeping in the context of a summary judgment motion, and therefore are inapposite. *Dean,* which examined the sufficiency of the complaint on a motion to dismiss, is distinguishable because the plaintiff in that case failed to allege either that the limitation was substantial or that the employer regarded the plaintiff as having a disability. 309 F.Supp. 2d at 595. In *McQuaid,* the charge of discrimination did not state the type of impairment or whether it substantially limited any major life activity. 2005 U.S.Dist. LEXIS 18565, at *11. Therefore, both of these cases are factually distinguishable from the case at bar.

5. Sysco also submits that Hoshak has failed to offer any evidence that would allow a fact finder to believe that Sysco's legitimate, non-discriminatory reasons were a pretext for some invidious discrimination. This argument

this argument. Hoshak has alleged that other employees not in the protected class were treated more favorably than he in that they were not disciplined for the same allegedly discourteous and disrespectful conduct, and were allowed to attend EAP counseling on work time while he was not. Hoshak has also alleged that he was falsely accused of being disrespectful and discourteous to Sysco management. Finally, Hoshak has alleged that after he filed his workers' compensation claim, Sysco management began criticize his work performance without justification. Taken together and in the light most favorable to Hoshak, these allegations tend to show disparate treatment between Hoshak, a disabled person, and non-disabled persons. Therefore, the Court finds the complaint sufficiently pleads facts tending to show that Sysco discriminated against him on the basis of his alleged disability. Thus, the Court finds no merit to Sysco's alternative argument.

Accordingly, the Court finds that the complaint sufficiently pleads the elements of a *prima facie* case of discrimination based on disability to withstand a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

### 2.     Retaliation for Filing Workers' Compensation Claim

In its motion to dismiss, Sysco also requests dismissal of Hoshak's claim of retaliation for exercising his rights under the Pennsylvania Workers' Compensation Act on the basis that Hoshak has failed to allege sufficient facts to establish the causal relationship prong of the three-part test for retaliation, *i.e.,* that there is a causal connection between the filing of his workers' compensation claim and the adverse employment action which occurred approximately four years after the filing

---

lacks merit, however, since this case is before the Court on a motion to dismiss, and all that Hoshak is required to show at this juncture is that he has pled sufficient facts to make out his *prima facie* claim of discrimination based on disability. Evidence of pretext is not required until the summary judgment stage, or at trial if the case survives summary judgment.

of the workers' compensation claim.[6] Although the allegations in the complaint with regard to the causal connection between the protected activity and adverse employment action are thin, the Court finds that under the liberal pleading standards of the Federal Rules of Civil Procedure, they are sufficient to withstand a motion to dismiss under Rule 12(b)(6).

The Pennsylvania Supreme Court first recognized the common law claim of retaliation for exercising one's rights under the Pennsylvania Workers' Compensation Act in 1998. *Shick v. Shirey Lumber,* 552 Pa. 590, 716 A.2d 1231 (1998). However, the Pennsylvania Supreme Court has yet to pronounce the elements of a *prima facie* case of retaliation for pursuit of workers' compensation benefits. Predicting how the Pennsylvania Supreme Court would rule if faced with the issue, a number of federal courts in this circuit have concluded that the Pennsylvania Supreme Court would apply the Title VII framework to such retaliation claims. *Deily v. Waste Management of Allentown,* 55 Fed.Appx. 605, 608 (3d Cir. 2003) (citing *Landmesser v. United Air Lines, Inc.,* 102 F.Supp.2d 273, 277-78 (E.D.Pa. 2000); *Sharkey v. Fed. Express Corp.,* No. Civ. A. 98-CV-3351, 2001 U.S. Dist. LEXIS 72, at *22 (E.D.Pa. Jan. 9, 2001); *Alderfer v. Nibco Inc.,* No. CIV. A. 98-6654, 1999 WL 956375, at *6 (E.D.Pa. Oct. 19, 1999)); *see also Kennelly v. Pa. Turnpike Comm'n,* 208 F.Supp. 2d 504, 517 (E.D.Pa. 2002) (citing *Landmesser, supra*).

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must adduce evidence that: "'(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in

---

6. Again, the legal authority cited by Sysco in support of dismissal of Hoshak's retaliation claim, *Sharkey v. Fed. Express Corp.,* No. Civ. A. 98-CV-3351, 2001 U.S. Dist. LEXIS 72, at *22 (E.D.Pa. Jan. 9, 2001), looked at the sufficiency of the retaliation claim at the summary judgment stage, which requires a higher burden of proof than that required to withstand a motion to dismiss.

the protected activity and the adverse employment action.'" *Moore v. City of Philadelphia,* ___ F.3d ___, 2006 U.S. App. LEXIS 22317, * 22 (3d Cir. Aug. 30, 2006) (quoting *Nelson v. Upsala Coll.,* 51 F.3d 383, 386 (3d Cir. 1995)).[7] In addition, at least one commentator has predicted that in order to succeed with a claim for retaliatory discharge, the Pennsylvania Supreme Court would require an employee to produce "real proof that the employer meant to retaliate and injure the employee because the employee asserted a [workers'] compensation claim, or has otherwise exercised rights under the [Workers' Compensation] Act; the fact that an employee is discharged after filing a compensation claim is not by itself adequate." David B. Torrey, Andrew E. Greenberg, Michael E. Relich, & Mark W. Flurry, *7 West's Pa. Prac., Workers' Compensation § 7:42* (2006).

In support of his retaliation claim, Hoshak alleges in the complaint that after he filed his workers' compensation claim, members of Sysco's management began to unjustly criticize his work performance. (Compl. ¶ 27.) Hoshak further alleges that Sysco's agents and employees were motivated by an intent to retaliate against him for exercising his rights under the Pennsylvania Workers' Compensation Act when they refused to approve or deny his request for a one day leave of absence, when they issued a written warning for leaving his work area for a brief period of time

---

7. The Supreme Court recently clarified the showing necessary to satisfy the second element of the retaliation test in *Burlington N. & Santa Fe Ry. v. White,* 126 S.Ct. 2405, 165 L.Ed. 2d 345 (2006). Prior to *Burlington,* the required showing in the Third Circuit under the second prong was an adverse employment action that "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" *Id.* at * 23 (quoting *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1300 (3d Cir. 1997)). The Supreme Court in *Burlington* specifically rejected the standard applied in *Robinson*, and replaced it with the following standard: "a plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Moore, id.* at *24 (quoting *Burlington,* 126 S.Ct. at 2415). *Burlington* was decided after the motion to dismiss was filed in this case but before resolution of this motion. Sysco's motion to dismiss does not challenge the sufficiency of the complaint on the basis of the second prong of the retaliation test. Thus, there is no need for the Court to consider the new retaliation standard enunciated in *Burlington* in resolving the motion to dismiss. However, at the summary judgment stage, the parties should apply the test enunciated in *Burlington* to the facts of this case.

to contact the corporate office concerning his leave request, when they suspended him without pay for five days and assigned him to EAP counseling based on false accusations of being disrespectful and discourteous, and when they refused to allow him to attend EAP counseling during work hours, despite allowing other employees to do so. (Compl. ¶ 28.) Hoshak contends that these allegations are sufficient to establish the causal connection between the protected activity and adverse employment action for purposes of a motion to dismiss. Again, although these allegations are thin, the Court finds Hoshak has met his burden at this stage of the litigation. However, the Court cautions Hoshak that these allegations alone will not suffice at the summary judgment stage. In light of the fact that over four years have elapsed between the protected activity (filing of the workers' compensation claim) and the alleged adverse employment action (five day suspension), causation cannot be inferred from the mere passage of time and Hoshak will be required to produce other evidence of causation at the summary judgment stage.[8]

Accordingly, the Court finds that the complaint sufficiently pleads the elements of a *prima facie* claim of retaliation for exercising ones rights under the Pennsylvania Workers' Compensation

---

8. In light of the factual allegations here, the temporal proximity between the filing of the workers' compensation claim and the five day suspension and other allegedly discriminatory conduct is not so close as to be "unduly suggestive" of causation. *Krouse v. Am. Sterilizer Co.,* 126 F.3d 494, 503 (3d Cir. 1997) (holding that causation could not be inferred where 19 months had passed between protected activity and the alleged retaliation); *see also Thomas v. Town of Hammonton,* 351 F.3d 108, 114 (3d Cir. 2003) (quoting *Estate of Smith v. Marasco,* 318 F.3d 497, 513 (3d Cir. 2003)) (holding that in cases where "the temporal proximity is not so close as to be unduly suggestive," the court of appeals has recognized that "timing plus other evidence may be an appropriate test"). Therefore, on summary judgment, Hoshak will be required to demonstrate the necessary causal link by producing other evidence of causation, such as, for example, evidence of a pattern of antagonism or retaliatory motive during the intervening period, or inconsistent reasons given by the employer for the adverse employment action. *Farrell v. Planters Lifesavors Co.,* 206 F.3d 271, 280-81 (3d Cir. 2000) (citing *Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173, 177-78 (3d Cir. 1997) (pattern of antagonism); *Waddell v. Small Tube Products, Inc.,* 799 F.2d 69, 73 (3d Cir. 1986) (inconsistent reasons for termination)); *see also Krouse,* 126 F.3d at 503-04 (where temporal proximity is lacking, courts may look to the intervening period for other evidence of retaliatory animus). By citing these examples, the Court does not intend to suggest they are the exclusive means of establishing causation, and notes that the totality of the evidence may also provide the necessary inference. *See, e.g., Farrell,* 206 F.3d at 280 (citing *Kachmar,* 109 F.3d at 177).

Act to withstand a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

### III.     CONCLUSION

For the reasons set forth above, it is recommended that the Motion to Dismiss for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6) filed by Defendant Sysco Food Services of Pittsburgh, LLC, be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


Dated:  September 22, 2006              By the Court:


                                         s/Lisa Pupo Lenihan
                                        LISA PUPO LENIHAN
                                        United States Magistrate Judge


cc:     Hon. David S. Cercone
        United States District Judge

        All Counsel of Record
        *Via Electronic Mail*